### In re HAGEMAN.

No. 7920.

District Court, D. Kansas, First Division.
Feb. 18, 1935.

A. R. Springer and Fred R. Smith, both of Manhattan, Kan., for debtor.

Dean McElhenny and Philip C. Gault, both of Topeka, Kan., for Rhode Island Hospital Trust Co., a corporation.

HOPKINS, District Judge.

This matter coming on to be heard upon the motion to confirm of Rhode Island Hospital Trust Company, the debtor appearing by his attorneys, Fred R. Smith and A. R. Springer, and the Rhode Island Hospital Trust Company, appearing by its attorneys, Dean McElhenny and Philip C. Gault, and the matter being submitted after argument of counsel, the motion to confirm is sustained and the report of the Honorable E. H. Hatcher on special reference and the findings of fact and conclusions of law contained therein and hereinafter set out are ratified and confirmed.

### Findings of Fact.

I. The Trevett, Mattis & Baker Company held a mortgage on 240 acres of land belonging to the debtor. The mortgage was foreclosed, the same was confirmed, and a certificate of purchase issued to the mortgagee. The period of redemption was fixed at eighteen months from the 24th day of April, 1933. The certificate of purchase was later duly assigned to the Rhode Island Hospital Trust Company, the movant in this case.

II. Ten days before the expiration of the redemption period, the debtor filed his petition for relief under section 75 of the Bankruptcy Act, as amended (11 USCA § 203). In his petition the debtor scheduled the trust company as a creditor and listed the real estate in question as an asset, and asked for a composition or an extension of time in which to pay his debts.

III. The trust company has moved to dismiss the proceedings in so far as they affect the trust company and its acquired interest in the land, and to have granted such other and further relief as shall be proper in the premises, on the ground that it is not a creditor and has no claim against the property of the debtor.

IV. The debtor challenges the right of the trust company to raise the question at this stage of the proceeding on the ground that the trust company must wait until there has been a disagreement and an amended petition filed under subsection (s) of section 75 of the Bankruptcy Act (11 USCA § 203 (s).

### Conclusions of Law.

I. The motion of the trust company is not premature.

II. The trust company holding the certificate of purchase is not a creditor of the debtor within the meaning of the Bankruptcy Act (11 USCA).

III. The interest of the holder of the certificate of purchase is not a claim against the debtor or his property, but a vested interest fixed by a final decree.

IV. The bankruptcy court has, no jurisdiction of property rights, other than the debtor's, which have been fixed by a final decree of the state court.

V. The bankruptcy proceeding cannot interfere to prevent the state court from enforcing its final decree.

VI. The trust company should be excused from participation in the proceedings further as a creditor, and its interest in the land under the certificate of purchase should be removed from the assets claimed by the debtor.

To each and all of said findings of fact and conclusions of law, and to this order and decree, the said Eric G. Hageman duly excepted.